Jiang v. Whitaker

BIA
Poczter, IJ
A206 682 861

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of January, two thousand nineteen.

PRESENT:
> JON O. NEWMAN,
> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> *Circuit Judges.*

_____

DIAN YU JIANG,
> *Petitioner,*

v.                                        17-603
                                          NAC
MATTHEW G. WHITAKER, ACTING
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Vlad Kuzmin, Kuzmin & Associates, P.C., New York, NY.

FOR RESPONDENT:        Chad A. Readler, Principal Deputy Assistant Attorney General; John S. Hogan, Assistant Director; Todd J. Cochran, Trial Attorney; Jamie Robertson, Law Clerk, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, and the case is REMANDED.

Petitioner Dian Yu Jiang, a native and citizen of the People's Republic of China, seeks review of a February 2, 2017, decision of the BIA affirming a March 17, 2016, decision of an Immigration Judge ("IJ") denying Jiang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dian Yu Jiang,* No. A 206 682 861 (B.I.A. Feb. 2, 2017), *aff'g* No. A 206 682 861 (Immig. Ct. N.Y. City Mar. 17, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). We review adverse credibility determinations under a substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). The governing REAL ID Act credibility standard provides as follows:

2

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness,. . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, . . . or any other relevant factor.

8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

The IJ concluded that Jiang's testimony was internally inconsistent and inconsistent with his written statement as to the dates of his alleged detention and release. Petitioner testified at his May 10, 2016, hearing, as follows. He first went to a Christian church in China on Jan. 12, 2011, and attended weekly services there the following two weeks. *See* Certified Record on Appeal ("CAR") 82. He was arrested at the church on January 26 (which is two weeks after January 12). *See* id. at 83. He was detained for 20 days during which time he was severely beaten until he confessed to illegally attending church services. *See* CAR 87, 231. His father secured

3

his release by bringing bail money on February 16 (which is 21 days after January 26. *See* CAR 83.

The IJ's finding of inconsistent testimony is based on the following:

```
Q. When were you detained?
A. It was on January 12.
Q. Okay. So when was your bail set?
A. That day, it was February 16. No, March 16.
Q. Can you remember when you were detained again?
   . . .
Oh, February 16th. That's right. February 16.
```

CAR 26.

The IJ focused on (1) the answer "January 12" as the date the Petitioner was detained, after he had testified that the detention began with his arrest on July 26, the date of the third church service after the first service on January 12, and (2) the shift of the bail date from February 16 to March 16 and back to February 16. CAR 87

Although non-trivial inconsistencies can provide a basis for doubting a witness's credibility, this record leaves us, on appellate review, with insufficient confidence that the Petitioner was deliberately altering his answers. In view of the Petitioner's repeated testimony that he first attended church services on January 12 and was arrested at the third service on January 26, it appears far more likely that there

4

was a misunderstanding, perhaps through translation, as to what was being asked. For example, the Petitioner was asked to "remember when you were detained again," in view of the fact that he never testified to a second detention. We cannot be sure that the "January 12" answer was given to a question the Petitioner understood to ask about the date of detention, rather than the date he had repeatedly given as the date when he started attending church services, a date that corresponds to the interval between the start of such attendance and the detention. Significantly, neither his own counsel nor the Government counsel picked up on the isolated "January 12" answer and afforded the Petitioner an opportunity to explain what event he understood he was being asked about.

The momentary variation of the bail date from February 16 to March 16 and immediately back to February 16, which was stated twice, is of slight, if any, significance, and also was not explored by either counsel.

Furthermore, the IJ simply misread or misunderstood the record in concluding that the Petitioner omitted from his written statement the fact, as he testified, that his interrogations began on the second day of his detention. *See* CAR 44. The Petitioner testified that he was beaten the first day of

5

this detention, but not interrogated until the next day, which was the second day of detention. *See* CAR 96. His statement reported that he was arrested on January 26 and interrogated for three days until he confessed on January 29. *See* CAR 230, ¶ 6. That would place the first day of interrogation at January 27, which was the second day of detention. Thus, there was no omission from the statement concerning interrogation beginning on the second day of detention and no inconsistency between the Petitioner's statement and his testimony on that point.

We are sympathetic to the task confronting an IJ obliged to hear a series of asylum applications in a single day and then produce findings, usually at the end of each hearing. Nevertheless, in this case, we conclude that the record lacks the clarity required to permit us to affirm a finding of inconsistencies that support a finding of lack of credibility, especially where the record reveals one clear instance of an alleged inconsistency that does not exist.

For the foregoing reasons, the petition for review is GRANTED, and the case is REMANDED for a new hearing.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6